Weygandt, 0. J.
On June 20, 1923, the relator was in the employ of the Birkett L. Williams Company of Cleveland, Ohio, which employer had complied with the provisions of the Workmen’s Compensation Act of Ohio. On that day the relator sustained an injury which resulted in the loss of his vision. He was awarded the then maximum sum of $15 per week for permanent total disability.
Shortly thereafter the relator asked the respondent commission for the sum of $8,000 for the purpose of paying a. mortgage indebtedness on his home. The request was granted. The sum of $8,000 was paid to the relator and his weekly compensation payments were reduced from $15 to $7.70.
It is the nature of the payment of the $8,000 that constitutes the basis for the present controversy. The relator contends that this payment was merely a loan which he now has repaid in full by virtue of the deduction of $7.30 from his weekly installments of compensation over a period of more than 20 years, and that he therefore is entitled to have his present weekly installments restored to the original sum of $15. He alleges that the refusal of the respondent commission to restore his weekly installments to the original amount is unreasonable and unlawful and constitutes an abuse of discretion.
The respondent insists that the payment of the $8,000 was not a loan but a partial lump sum settlement made at the request of the relator himself under favor of the provisions of Section 1465-87, General Code, which read as follows:
“The commission, under special circumstances, and when the same is deemed advisable may commute payments of compensation or benefits to one or more lump sum payments.”
The first and the decisive question to be considered *499 by this court is whether the respondent commission possesses authority to make a loan, as contended by the relator.
It should be remembered that the Industrial Commission is an administrative agency possessing only such powers and duties as are conferred on it by the provisions of the Constitution and statutes of Ohio. A careful study of these discloses no authority whatsoever to make loans.
But did the respondent commission in fact attempt to make a loan and thereby exercise authority it does not possess, or did it act under the authority expressly conferred on it by the provisions of Section 1465-87, General Code, supra, to “commute payments of compensation or benefits to one or more lump sum payments”?
As defined by the Oxford English Dictionary, the word “commute” means “to change (one kind of payment) into or for another; esp. to substitute a single payment for a number of payments * * *.”
In the fifth paragraph of the syllabus in the case of Roma v. Industrial Commission, 97 Ohio St., 247, 119 N. E., 461, this court held:
“5. Such award is also subject to the provisions of Section 1465-87, and such board may in cases of special circumstance, and when the same is deemed advisable, and not otherwise, commute the periodical benefits found to be due the claimant by the jury to one or more lump sum payments. ’ ’
In the instant case the relator signed an “application for lump sum award.” In the application he asked that he “be allowed a lump sum payment in the amount of $8,000.” As a basis for his request he stated in part “that 14 months ago I bought property located at 4013 E. 131st Str. for $12,000 * * * and if this lump sum is granted, I will be able to live with *500 my wife and six year old daughter with the income of this property.” On the reverse side of the signed application appears the text of Section 1465-87, General Code, supra, providing for lump sum payments.
The record fails to show that the relator either requested or was granted a loan. On the contrary the evidence is clear that he requested and was granted a partial lump sum payment of compensation in the amount of $8,000.
Under the circumstances the Court of Appeals was not in error in holding that there was no abuse of discretion by the respondent commission in commuting the relator’s payments of compensation in the foregoing manner.

Judgment affirmed.

Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.